Mabel M. Blackett v. Commissioner.
Blackett v. Commissioner
Docket No. 25689.
United States Tax Court
1951 Tax Ct. Memo LEXIS 91; 10 T.C.M. (CCH) 949; T.C.M. (RIA) 51282; September 28, 1951
*91 Preston D. Orem, Esq., 756 S. Broadway, Los Angeles 14, Calif., for the petitioner. H. A. Melville, Esq., for the respondent. JOHNSON Memorandum Opinion JOHNSON, Judge: Respondent has determined a deficiency in income tax for the calendar year 1945 in the amount of $4,753.96. The sole question for determination is whether respondent erred in disallowing as an ordinary and necessary business expense petitioner's community half of the total sum of $11,242.65 expended by her and her husband for the acquisition of a renewable on-sale liquor license. All of the facts were stipulated and are so found. [The Facts] At all times during the calendar year 1945, Mabel M. Blackett, the petitioner, and John R. Blackett, were husband and wife, residents of San Diego, California, and all taxable income of the husband and wife was community income under the laws of the State of California. Petitioner and her husband each filed separate income tax returns for the calendar year 1945 with the collector of internal revenue for the sixth district of California. During January, 1945, John R. Blackett and petitioner bought "Tony's Bar" in San Diego, California, paying $9,608.65 *92 for the good will and $11,242.65 for the transfer of a renewable on-sale general liquor license granted by the Board of Equalization of the State of California for the calendar year 1945, and expiring on December 31, 1945. The amount of $11,242.65 was debited to "Prepaid Licenses" by journal entries dated January 31, 1945. The annual fee which the seller of Tony's Bar had paid to the Board of Equalization for the liquor license for the year ended December 31, 1945, was $525. John R. Blackett and petitioner, on their income tax returns for 1945, made no claim for the amortization of the $9,608.65 paid for good will, but they did claim an expense deduction for the amortization during 1945 of the entire amount of $11,242.65 paid for the liquor license. The Commissioner disallowed this claimed deduction and the allegation that he erred in doing so presents the only issue involved in this case. [Opinion] On-sale liquor licenses are limited by the State of California to not more than one for each 1,000 inhabitants of each county, and because of this limitation persons wishing to engage in the business of selling alcoholic beverages for consumption on the premises were willing to *93 pay a premium in order to acquire such a license from a licensee. John R. Blackett and petitioner acquired nothing in return for the $11,242.65 which they paid to the seller in 1945, except an on-sale liquor license for the calendar year 1945, together with the privilege of applying for a renewal of the license each calendar year thereafter. The $11,242.65 which petitioner and her husband expended in the acquisition of a renewable on-sale general liquor license was a capital expenditure for an asset having an indeterminate useful life beyond the taxable year. We have here the identical question passed adversely to petitioner's contention in Morris Nachman, 12 T.C. 1204 (on appeal, C.A., 5th Cir.). Cf. Tube Bar, Inc., 15 T.C. 922. We adhere to our holding in that case and accordingly hold, as we have found, that the $11,242.65 which petitioner and her husband expended in the acquisition of a renewable on-sale general liquor license was a capital expenditure for an asset having an indeterminate useful life beyond the taxable year and was not deductible in 1945. Decision will be entered for the respondent.